IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 23-363 (RAM)
25-157 (RAM)

FREDDY ORTIZ-DIAZ,
Defendant.

## PLEA AND FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, FREDDY ORTIZ-DIAZ, and Defendant's counsel, Jackson Whetsel, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Information in 25-157 (RAM) and Counts Two and Three in 23-363(RAM):

Count One of the Information: At all times material to this Information the Total Gas station and convenience store in Corozal, Puerto Rico was engaged in the retail sale of gasoline, automobile products, snacks and other items in interstate commerce and in an industry which affects interstate commerce.

On or about September 18, 2023, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, FREDDY ORTIZ-DIAZ, did

unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain personal property consisting of approximately $226.00 in US currency and other property in the presence of an employee of the Total Gas station, against her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person, that is, by threatening the employee with a firearm in order to commit the robbery in violation of Title 18, United States Code, Section 1951.

Count Two of Indictment: On or about September 17 and 18, 2023, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, FREDDY ORTIZ-DIAZ, did knowingly use, carry and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, 18 U.S.C. § 1951 (Interference with Commerce by Robbery). All in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

However, for purposes of this Plea Agreement the Defendant agrees to plead guilty to 18 U.S.C. § 924(c)(1)(A)(i), the lesser included offense on Count Two of the Indictment.

Count Three of the Indictment: At all times material to this Indictment the Puma Gas station and convenience store in Toa Baja, Puerto Rico was engaged in the retail sale of gasoline, automobile products, snacks and other items in interstate

commerce and in an industry which affects interstate commerce. On or about September 17 and 18, 2023, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, FREDDY ORTIZ-DIAZ, did unlawfully obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain personal property consisting of approximately $893.00 in cash in the presence of an employee from the gas station, against her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person, that is, by threatening the employee with a firearm in order to commit the robbery in violation of Title 18, United States Code, Section 1951.

## 2. Maximum Penalties

Count One of the Information: The maximum statutory penalty for the offense charged in One of the Information is a term of imprisonment of not more than twenty years, pursuant to 18 U.S.C. §1951(a); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Count Two of the Indictment: The maximum statutory penalty for the offense charged in Count Two of the Indictment, is a term of imprisonment of not less than seven years and up to life, pursuant to 18 U.S.C. §924(c)(1)(A)(ii); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. §

3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(l).

But, the maximum statutory penalty for the lesser included offense to which the Defendant is pleading in Count Two (18 U.S.C. § 924(c)(l)(A)), is a minimum statutory penalty of 5 years in prison and a maximum statutory penalty of life in prison pursuant to 18 U.S.C. § 924(c)(l)(A)(i); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(l).

<u>Count Three of the Indictment:</u> The maximum statutory penalty for the offense charged in Count Three of the Indictment is a term of imprisonment of not more than twenty years, pursuant to 18 U.S.C. §195l(a); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the

Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. §

3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATION FOR THE LESSER INCLUDED OFFENSE ON COUNT 2 ON 23-363 VIOLATION OF 18 USC § 924(c)(1)(A)(i) |
|---|
| The United States and Defendant submit that pursuant to U.S.S.G. § 2K2.4(b), a defendant that is convicted of violating 18 U.S.C. § 924 (c)(1)(A), has a guideline sentence equal to the minimum term of imprisonment required by statute. In the present case, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), there is a minimum term of imprisonment of 60 months. Said term is to be served consecutively to any other count of conviction. |

| SENTENCING GUIDELINES CALCULATION FOR COUNT 3 ON 23-363 VIOLATION OF 18 USC 1951 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1 | 20 |

| SENTENCING GUIDELINES CALCULATION FOR COUNT 1 ON THE INFORMATION VIOLATION OF 18 USC 1951 Total Gas Station, Corozal (September 18, 2023) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1 | 20 |
| U.S.S.G. § 2B3.1(b)(2)(B) –Firearm was otherwise used | +6 |
| Total Adjusted Offense Level | 26 |

| COMBINED OFFENSE LEVEL PURSUANT TO U.S.S.G § 3D1.4 | | | | | |
|---|---|---|---|---|---|
| Highest offense level | | | | | 26 |
| 1 unit for the group with the highest offense level and all other groups are disregarded for being 9 or more levels less serios than the group with the highest offense level | | | | | +2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 | | | | | -3 |
| USAO Early acceptance policy | | | | | -2 |
| Combined Offense Level | | | | | 23 |
| CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| 46-57 | 51-63 | 57-71 | 70-87 | 84-105 | 92-115 |

8. **Sentence Recommendation**

As to Count Two of the Indictment, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment of 60 months. Said term is to be served consecutively to any other count of conviction.

As to Count Three of the Indictment and Count One of the Information, which are grouped pursuant to U.S.S.G. § 3D1.4 after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties to jointly seek a sentence of imprisonment of 60 months, for a total sentence of imprisonment of 120 months.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. Downward Variance for Early Acceptance of Responsibility

The parties have agreed to recommend at sentencing that the Court grant a two-level downward variance from the applicable sentencing guidelines in recognition of the defendant's early acceptance of responsibility, which promotes the conservation of judicial and prosecutorial resources.

### 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is 120 months of imprisonment or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to and no variant sentence under 18 U.S.C. § 3553-other than the one explicitly provided for in this Plea Agreement-shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any

sentence, either guideline or statutory.

### 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Jackson Whetsel, Esq., and asserts that counsel has rendered effective legal assistance.

### 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's

jbw
t:O'J

guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

15. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

16. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

17. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

18. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

19. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

20. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because

Defendant is guilty.

## 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain

rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 24. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to, one Glock 27 pistol, .40 caliber SN: EWR207 and rounds of .40 caliber ammunition.

W. Stephen Muldrow
United States Attorney

_____
Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Division
Dated:  March 25, 2025

_____
Jackson Whetsel, Esq.
Counsel for Defendant
Dated: 3/26/25

_____
Luis Rivera-Méndez
Special Assistant U.S. Attorney
Dated: March 25, 2025

_____
Freddy Ortiz-Diaz
Defendant
Dated: 3/26/25

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 3/26/25

Freddy Ortiz-Diaz
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 3/26/25

Jackson Whetsel, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Freddy Ortiz-Diaz admits that he is guilty as charged in Count One of the Information and Counts Two and Three of the Indictment and admits the following:

On or about September 17, 2023, Freddy Ortiz Diaz (Ortiz) conducted an armed robbery of a Puma Gas station located in Toa Baja. During the robbery, Ortiz entered the gas station wearing a COVID style mask, gold colored necklace, khaki baseball style hat, black shirt with "MARVEL" written across the front, blue jeans, black shoes, and a black handgun. The text on the shirt was multicolored. With weapon in hand, Ortiz demanded money from the clerk and received approximately $893.00 in cash before fleeing. During a physical line up, the clerk of the Puma Gas station identified Ortiz as the robber.

On or about September 18, 2023, Ortiz conducted an armed robbery of a Total Gas station located in Corozal, PR. During the robbery, Ortiz entered the gas station wearing a COVID style mask, gold colored necklace, khaki baseball style hat, black shirt with "MARVEL" written across the front, blue jeans, black shoes, and a black handgun. The text on the shirt was multicolored. With weapon in hand, Ortiz demanded money from the clerk and received approximately $223.00 before fleeing.

On September 18, 2023, Puerto Rico Police Bureau (PRPB) arrested Ortiz and found in his possession a Glock 27 pistol, .40 caliber SN: EWR207,

approximately twelve (12) rounds of .40 caliber ammunition, approximately $880.00 in U.S. currency, and a cellphone.

The Puma Gas station located in Toa Baja and the Total Gas Station located in Corozal, are businesses engaged in the retail sale of gasoline, automobile products, snacks, and other items in interstate commerce and in an industry which affects interstate commerce.

Defendant acknowledges that on September 17 and 18, 2023, he was in possession of the Glock 27 pistol, .40 caliber SN: EWR207 and that he threatened the store employees with the firearm in order to commit the robberies.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Counts Two and Three of the Indictment. and Count One on the Information on 25-157.
Discovery was timely made available to Defendant for review.

FRM your FOD

_____
Luis Rivera-Méndez
Special Assistant U.S. Attorney
Dated: March 25, 2025

_____
Jackson Whetsel, Esq.
Counsel for Defendant
Dated: 3/26/25

_____
Freddy Ortiz-Diaz
Defendant
Dated: 3/26/25